UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANELLA SMART,

    Plaintiff,

v.

                         Case No. 25-13885
                         Honorable Laurie J. Michelson

ENVIRO-CLEAN SERVICES, INC.,

    Defendant.

---

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT
PREPAYING FEES AND COSTS [2], SUMMARILY DISMISSING
COMPLAINT [1], AND DENYING AS MOOT PLAINTIFF'S MOTION
FOR JURY TRIAL [6]**

---

In December 2025, Janella Smart filed this employment discrimination suit, *pro se*, alleging that Enviro-Clean Services discriminated against her based on her disability when they denied her employment. (ECF No. 1, PageID.5–6.)

According to Smart, she applied for a janitor position with Enviro-Clean on November 17, 2024, and was invited to interview just a few days later. (*Id.* at PageID.6.) "Immediately after the interview," she was asked to take a drug test. (*Id.*) At some point thereafter, Smart was informed that her test was "flagged for review" of a "flagged substance." (*Id.*) Smart told Enviro-Clean that she had a disability for which she could "provide a doctor's note to verify the lawful and disability-related nature of the flagged substance." (*Id.*) But Enviro-Clean did not answer her calls or emails, receive the offered doctors' note, or otherwise "initiate any interactive process regarding [her] disability or the flagged test." (*Id.*)

Suffice it to say, Smart did not get the job. So she initiated this suit, alleging disability discrimination and failure to accommodate under the Americans with Disability Act (ADA). (*Id.* at PageID.5.) Along with her complaint, Smart submitted an application to proceed without prepaying filing fees and costs. (ECF No. 2.) And, a week later, Smart filed a "motion for jury trial." (ECF No. 6.) For the reasons below, the Court grants Smart's application to proceed without prepaying fees and costs, but summarily dismisses Smart's complaint and denies her motion for jury trial as moot.

## I.

In her application to proceed without prepaying fees or costs, Smart reports that she works at Kamas Art Shoppes where she is paid $12.50 an hour and the number of hours she works a pay period varies. (ECF No. 2, PageID.14.) So the Court grants her application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1).

## II.

When the Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility to screen the complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## A.

Consider first whether Smart has adequately stated a claim arising under the ADA. (ECF No. 1, PageID.5.) A *pro se* litigant is entitled to a liberal construction of her pleadings and filings. *See Cassaday v. Verizon Media Inc.*, No. 25-1237, 2025 U.S.

App. LEXIS 16682, at *4 (6th Cir. July 8, 2025) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *Hardy v. Ionia Corr. Facility*, No. 25-563, 2025 U.S. Dist. LEXIS 102811, at *1 (W.D. Mich. May 30, 2025) ("The Court must read Plaintiff's pro se complaint indulgently"). But a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Lucas v. Chalk*, 785 F. App'x 288, 290 (6th Cir. 2019) ("To assess whether a complaint fails to state a claim under [ § 1915] we apply the familiar standards of  Rule 12(b)(6)"); *see also Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'") (citations omitted).

"To state a claim of discrimination under the ADA, a plaintiff 'must plead facts that make plausible the inference that (1) [she] is disabled, (2) [she] is qualified to perform [her] job requirements with or without reasonable accommodation, and (3) [she] would not have been discharged but for the disability.'" *Baldwin v. Cole*, No. 25-482, 2025 U.S. Dist. LEXIS 143798, at *10 (S.D. Ohio, July 28, 2025) (quoting *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020)). Smart need not plead each element of a *prima facie* ADA claim to survive the Court's initial screening under § 1915, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–511 (2002), but she must

3

still "plead sufficient facts for [the Court] to plausibly conclude that" Enviro-Clean denied her employment "because of" her disability. *See Fedder v. Cems of Ohio, Inc.*, No. 24-3028, 2024 U.S. App. LEXIS 28494, at *10 (6th Cir. Nov. 6, 2024).

Smart cannot make such a showing because she has not plead what her qualifying disability is—she merely asserts that she has one. (ECF No. 1, PageID.6 ("I am an individual with a disability as defined by the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102.").) Smart's failure to allege *any* facts regarding her supposed disability make it "impossible [for the Court] to determine whether the alleged disability falls within the definition of disability under the ADA." *Waddle v. Unum Group*, No. 17-97, 2017 U.S. Dist. LEXIS 234264, *10–11 (E.D. Tenn. Oct. 25, 2017); *see also Meeks v. Tenn. Dep't of Corr.*, No. 14-6300, 2016 U.S. App. LEXIS 24277, at *3 (6th Cir. 2016) (affirming district court's screening dismissal of ADA discrimination claim because plaintiff "had not identified a disability"); *see also Davenport v. Sugar Mountain Retreat, Inc.*, No. 09-0535, 2009 U.S. Dist. LEXIS 98472, at *2 (N.D. Okla. Oct. 16, 2009) (granting 12(b)(6) motion where plaintiff's complaint asserted only that he was a "person with disabilities and/or handicapped within the meaning of the [ADA]"). As such, Smart has failed to state a plausible claim of disability discrimination under the ADA.

### III.

For the reasons above, the Court GRANTS Smart's application to proceed without prepayment of costs and fees (ECF No. 2), DISMISSES her complaint (ECF No. 1), and DENIES AS MOOT her "motion for jury trial" (ECF No. 6).

SO ORDERED.

Dated: February 13, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE